UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES ULLMAN, et. al,**

       Plaintiffs,                    Case No. 2:05-cv-1000
                                       JUDGE GREGORY L. FROST
     v.                              Magistrate Judge Mark R. Abel

**AUTO-OWNERS MUTUAL**
**INSURANCE CO.,**

       Defendant.

### ORDER

This matter is before the Court for consideration of Defendant's Motion to Bifurcate and to Stay Discovery on Plaintiff's Bad Faith Claim. (Doc. # 7.)  For the reasons that follow, the Court denies the motion.

### I.  Background

On January 3, 2005, a wall of Plaintiffs' antique mall in Bellefontaine, Ohio collapsed. Plaintiffs contacted their insurer, Defendant Auto-Owners Mutual Insurance Co. ("Auto-Owners"), and informed it of the collapse.  On January 4, 2005, a claims representative and an engineer from SEA, Ltd. visited the antique mall on behalf of Defendant.  The following day, Auto-Owners issued a letter denying coverage.  Plaintiffs allege that there was no evidence to support the denial, that the collapse of the wall should be covered under the insurance policy, and that the denial of their claim was in bad faith.

Auto-Owners has moved to bifurcate the proceedings and to stay discovery on Plaintiffs' bad faith claim.  In light of the fact that the parties have completed briefing and given the nature of the relief requested, the Court has elected to decide the matter in advance of the February 17, 2006 non-oral hearing date.

## II.  Discussion

Auto-Owners moves the Court to bifurcate Plaintiffs' bad faith claim and stay discovery on the bad faith claim until resolution of the scope of the insurance coverage question.  The company argues that allowing discovery on the bad faith claim to proceed would require Auto-Owners to turn over privileged material to Plaintiffs and thus prejudice the insurer.  As contemplated by Auto-Owners, the first trial would be devoted solely to liability, addressing whether the collapse of the Plaintiffs' wall is covered or excluded from their insurance coverage.  If Plaintiff prevailed at that trial, then discovery pertaining to Plaintiffs' bad faith claim would be proceed.

Plaintiffs argue that a bifurcation and stay would substantially prejudice them, cause inconvenience, delay, and impede settlement.  They request that the Court hold a single trial on all issues and without imposing a stay on discovery.

The decision to bifurcate is a procedural issue that rests in the discretion of the trial court. Bifurcation is governed by Federal Rule of Civil Procedure 42(b), which provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counter-claim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues, always preserving inviolate the right of trial by jury as declared by the

Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b).

Whether to order bifurcation is committed to the trial court's discretion. *Specialty Minerals, Inc. v. Dunbar Mechanical, Inc.*, Nos. 04-4376 & 04-4377, 2005 WL 3304093, at *2 (6th Cir. Dec. 6, 2005). In considering whether to order separate trials, the Court must weigh the potential prejudice to the parties, the possible confusion to the jury, and the relative resulting convenience and economy that would result. *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997). *See also In re Beverly Hills Fire Litigation*, 695 F.2d 207, 216 (6th Cir. 1982). However, the Sixth Circuit has cautioned that "separation of issues should be resorted to only in the exercise of informed discretion and in a case and at a juncture which move the court to conclude that such action will really further convenience or avoid prejudice." *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988).

When, as here, federal jurisdiction is based upon diversity of citizenship, the Court must apply the law of the forum state. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Ohio law, an insurer has the duty to act in good faith toward its own insured in carrying out its duties under the insurance policy. *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 3d 272, 275, 452 N.E.2d 1315, 1319 (1983). An insurer "fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefore." *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 554, 644 N.E.2d 397, 400 (1994). A breach of this duty gives rise to a cause of action in tort irrespective of any liability arising from breach of contract. *Staff Builders, Inc. v. Armstrong*, 37 Ohio St. 3d

3

298, 302, 525 N.E.2d 783, 788 (1988) (abrogated on other grounds). With regard to the bifurcation of claims, if the trial court finds that the release of information in the insurer's claims file will inhibit the insurer's ability to defend on the underlying claim, it *may* issue a stay of the bad faith claim and related production of discovery pending the outcome of the underlying claim. *Boone v. Vanliner Ins. Co.*, 91 Ohio St. 3d 209, 213, 744 N.E.2d 154, 158 (2001).

In *Boone*, the Supreme Court of Ohio explained that claims file materials showing an insurer's lack of good faith in determining coverage were unworthy of protection under attorney-client or work product privilege, irrespective of the status of the underlying claim, i.e., whether the scope of coverage issue had been resolved. 91 Ohio St. 3d at 212, 744 N.E.2d at 157. The Court held that the insured was entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage. *Boone*, 91 Ohio St. 3d at 214, 744 N.E.2d at 158.

Using broad generalizations, Auto-Owners has asserted that "very real" potential prejudice may befall them if the company is required to turn over its case file. (Doc. # 14, at 4.) But Auto-Owners wholly fails to provide the Court with any evidence to support this claim. The Court is left with an unsupported mere *allegation* of speculative prejudice that should not and can not suffice as adequate cause for the relief requested. The Court is convinced that instructions to the jury in advance of trial, limiting instructions during the trial, and proper jury instructions before deliberations will be sufficient to prevent any possible jury confusion and protect against undue prejudice.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Auto-Owners' motion to bifurcate and stay discovery on the Plaintiff's bad faith claim.  (Doc. # 7.)

**IT IS SO ORDERED**.

                                                    s/ Gregory L. Frost
                                                GREGORY L. FROST
                                                UNITED STATES DISTRICT JUDGE