UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES ULLMAN, et. al,**

      **Plaintiffs,**                  **Case No. 2:05-cv-1000**
                                       **JUDGE GREGORY L. FROST**
     **v.**                             **Magistrate Judge Mark R. Abel**

**AUTO-OWNERS MUTUAL**
**INSURANCE CO.,**

      **Defendant.**

## OPINION AND ORDER

This diversity matter is before the Court for consideration of Defendant's February 16, 2007 motion to strike and to limit testimony (Doc. # 77), Plaintiffs' memorandum in opposition (Doc. # 88), and Defendant's reply memorandum (Doc. # 89). For the reasons that follow, this Court finds the motion well taken.

### I. Background

Plaintiffs James Ullman, Frank Byers, Richard Ronding, and Hassan Dakhtah conduct business together under the name Burd Partnership.[1] They own real estate in Logan County, Ohio, including an antique mall located in Bellefontaine, Ohio. On January 3, 2005, part of the roof and a wall of this antique mall collapsed.

---

[1] Defendant's summary judgment motion indicates that although he is a named plaintiff, Ronding ceased being a member of the partnership years before the collapse. (Doc. # 74-1, at 2 n.1.) By tracking the pleadings in this summary of the case, the Court expresses no opinion here on whether Ronding is a proper party to this litigation.

Plaintiffs contacted their insurer, Defendant Auto-Owners Mutual Insurance Co. ("Auto-Owners"), and informed it of the collapse. On January 4, 2005, claims representative Trudy Bushman inspected the antique mall on behalf of Defendant. Later that day, Bushman spoke with Alan Kundtz, an engineer from SEA, Ltd., who then conducted an on-site inspection the following day. Kundtz reported to Bushman that an inward acting force had caused the wall to fall, and Defendant issued a letter that same day that denied coverage under the commercial insurance policy. Plaintiffs' June 2005 submission of a formal claim met with the same rejection in September 2005.

Plaintiffs subsequently filed suit in the Common Pleas Court in Logan, Ohio on October 6, 2005. (Doc. # 1-3.) They assert that there was no evidence to support the denial, that the collapse of the wall should be covered under the insurance policy, and that the denial of their claim was in bad faith. Accordingly, the complaint presents one claim for breach of contract and one claim for bad faith. The Michigan-based Defendant removed the action to this Court on November 1, 2005. (Doc. # 1.)

On January 30, 2007, Defendant filed a motion for summary judgment or, in the alternative, for partial summary judgment on the bad faith claim. (Doc. # 74.) During briefing on that motion–and one week before a scheduled deposition of Plaintiffs' bad faith expert–Plaintiffs filed a supplemental report from their expert, Howard J. Hartman. (Doc. # 76.) Defendant in turn cancelled the deposition and filed a February 16, 2007 motion to strike the supplemental report and to limit Hartman's testimony. Because the motion to strike could affect the summary judgment analysis, the Court set up an expedited briefing schedule for the motion to strike. (Doc. # 83.) That motion is now ripe for disposition.

## II.  Discussion

### A.  Standard Involved

Defendant first moves to strike Hartman's February 12, 2007 supplemental report and to limit his testimony under Federal Rule of Civil Procedure 12(f), which states:

> Upon motion made by a party before responding to a pleading, or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).  This rule on its face applies to pleadings.

In its memorandum in support of its motion, Defendant also invokes the more applicable Federal Rule of Civil Procedure 37(c)(1) as a basis for excluding the report and testimony.  That rule provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).  The 1993 Advisory Committee Notes to the rule state that subdivision (c) "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without the need for a motion under [Rule 37](a)(2)(A)."

In addition to Rule 37(c)(1), Defendant also moves to limit Hartman's deposition testimony pursuant to Federal Rule of Civil Procedure 30(d)(4).  That rule provides:

3

> At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it may be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Fed. R. Civ. P. 30(d)(4). On its face, the rule applies to conduct occurring at depositions.

### B. Analysis

Rule 26(a)(2)(A) requires the disclosure of a parties' expert witness. Rule 26(a)(2)(B) mandates that the disclosing party contemporaneously disclose an expert written report, which must contain a *complete* statement of the expert's opinions, the basis for such opinions, the information relied upon in forming the opinions, any summarizing or supporting exhibits, the expert's qualifications, the expert's publications from the preceding ten years, the expert's compensation, and a list of all cases in which the witness testified as an expert in the preceding four years. Rule 26(a)(2)(C) sets forth default deadlines f0r these disclosures, but also specifically provides that "[t]hese disclosures shall be made at the times and in the sequence directed by the court."

Here, review of the docket indicates that the Magistrate Judge originally set the disclosure of Plaintiffs' primary expert for a February 20, 2006 deadline and for Defendant's expert for a April 20, 2006 deadline. (Doc. # 6, at 3-4.) Since this time, Plaintiffs have

4

requested and obtained numerous extensions of their bad faith experts' disclosure deadlines. (Docs. # 21, 23, 29, 37, 43, 48, 49, 57, 58.) Pursuant to this Court's September 11, 2006 Order, all Plaintiffs' bad faith expert(s) with report(s) were to be disclosed by the deadline of October 30, 2006 and a discovery cut-off was set for December 29, 2006. (Doc. # 58.) Plaintiffs finally disclosed Hartman's first report on October 30, 2006. (Doc. # 60.) That two-page report provided in relevant part:

> With regard to the above-captioned matter, I [Howard Hartman] am of the opinion that Defendant Auto-Owners Mutual Insurance Company (Auto-Owners) denied without reasonable justification the Plaintiff's claim for payment of a loss sustained on or about January 3, 2005 at the insured property located at 210 Columbus Ave., Bellefontaine, Ohio and insured under Auto-Owners under Policy 004603-0501927-04.
>
> I am further of the opinion that said denial was made with a disregard for the insured's rights under the above policy.

(Doc. # 60, at 10.) The report proceeded to list the material upon which Hartman purportedly relied to form his opinions, as well as the required disclosures regarding his qualifications, fee, and other Rule 26(a)(2)(B) material. The notably spartan report did not contain an explanation of how Hartman arrived at his conclusions.

Relying on that report, Defendant filed its summary judgment motion on January 30, 2007. (Doc. # 74.) Plaintiffs then filed Hartman's supplemental report on February 12, 2007, just over a week before his scheduled deposition. (Doc. # 76.) This four-page report indicated that it was a Rule 26(a)(2)(C) supplement and included discussion of the analysis behind Hartman's conclusions.

5

Defendant argues that Plaintiffs have engaged in strategic gamesmanship by producing an untimely expert report under the guise of supplementation. The company notes that the second report is untimely and is based on three reports, at least two of which were available for Hartman's review prior to the filing of his first report. Asserting that Hartman's first report was far from complete as Rule 26 requires, Defendant posits that the second report is prejudicial because it presents a new opinion. Alternatively, Defendant correctly argues that even if the Court were to regard the second report simply as a rebuttal report, it falls outside the rule-derived 30-day deadline for filing such a document. Fed. R. Civ. P. 26(a)(2)(C).

Plaintiffs argue in response that they have only permissibly supplemented or corrected the initial expert report. They assert that Hartman's second report "does little more than identify additional materials reviewed, with no change in opinions." (Doc. # 88-1, at 1.) Thus, Plaintiffs reason, Defendant has suffered no actual prejudice by their production of the second Hartman report. In fact, Plaintiffs assert that "[i]f [they] were at all remiss, it was in providing the report at all." (Doc. # 88-1, at 8.)

This Court is not persuaded by Plaintiffs' arguments. Their contentions that the second report only identifies additional materials and that the expert's ultimate opinion did not change dubiously overlook the fact that the document contains something else that the first report lacks entirely: reasoning. This flaw distinguishes the Advisory Committee Notes upon which Plaintiffs attempt to rely because that commentary targets the correction of previously supplied information, not supplying wholly missing information such as found here.

The Court concludes that Plaintiffs' conduct frustrates the purpose and intent of the Federal Rules and the Court's Orders. It is not mere "supplementation" when a party submits a manifestly incomplete report lacking analysis or a supporting rationale, waits for the summary judgment deadline to pass, and then submits a fuller report that contains actual reasoning. Whether by strategic design or as an inescapable result of Hartman's work product, Plaintiffs have placed Defendant at a disadvantage.

Plaintiffs had a duty to produce an expert report that contained reasoning. *See* Fed. R. Civ. P. 26(a)(2)(B) ("The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor"); *Wronke v. Champaign County Sheriff's Office*, 132 F. App'x 58, 61 (7th Cir. 2005) ("Among a host of defects, the report lacked any reasoning in support of the purported expert's conclusions. *See* Fed. R. Civ. P. 26(a)(2)(B). Thus, the district court acted within its discretion in striking it."). Hartman's first report fell short of that standard in that it absolutely failed to include *any* reasoning. *See Matsuura v. E.I. du Pont De Nemours and Co.*, Nos. 96-01180, 97-00716, 99-00660, 00-00328, & 00-00615, 2007 WL 433109, at *3-4 (D. Hawaii Feb. 2, 2007) (explaining that a lack of reasoning contributed to a submission being regarded as failing to constitute a Rule 26 expert report). This contravenes the requirements of Rule 26. *See* Fed. R. Civ. P. 26 Advisory Committee Notes, 1993 Amendments, Paragraph 2 (explaining that the expert "must prepare a detailed and complete written report, stating the testimony the witness is expected to present . . . together with the reasons therefor"). In light of this flaw and the availability of most if not all of the material upon which he based his "supplementation," Hartman's second report cannot be said to "include information thereafter acquired" or to be a genuine attempt to remedy previously "incomplete or incorrect"

7

information.  Fed. R. Civ. P. 26(e)(1).  At the very least, Plaintiffs failed to "supplement" by the Rule 26(e)(1) deadline given that the official discovery deadline had closed.

The narrow reasons for permissible supplementation under Rule 26(e)(1) do not exist here.  This is not a situation in which a party sought to supplement a report to correct a late-in-the-day error or inaccuracy in its reasoning.  *See, e.g., Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3 (D.D.C. 2005) (permitting error correction via supplementation).  Nor is this a case in which supplementation would serve as a response to an opposing expert's pointing out gaps in Hartman's chain of reasoning.  *See, e.g., Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004).  And this is not even a case in which supplementation would reflect an expert's changed opinion.  Fed. R. Civ. P. 26 Advisory Committee Notes, 1993 Amendments, Subdivision (e) ("changes in the opinions expressed by the expert whether in the report or at a subsequent deposition are subject to a duty of supplemental disclosure under [Rule 26(e)(1)]").

This is instead a case in which a party disregarded a duty to disclose and seeks to evade the resulting consequences by asserting supplementation of reasoning that was never there to begin with.  By seeking to transform a conclusory report and its unexplained opinion via supplementation, Plaintiffs are in effect essentially and impermissibly presenting a *new* opinion. *See Minebea Co., Ltd.*, 231 F.R.D. at 6 ("The Rule also prevents experts from 'lying in wait' to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information or closely examine the expert's new testimony.") But as another judge has explained, the presentation of a new or transformed opinion by "supplementation" must be examined closely:

> Although Fed. R. Civ. P. 26(e) requires a party to "supplement or correct" disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset).
>
> To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions. That process would hinder rather than facilitate settlement and the final disposition of the case.

*Allgood v. General Motors Corp.*, No. 1:02-cv-1077, 2007 WL 647496, at *3-4 (S.D. Ind. Feb. 2, 2007) (quoting *Beller v. United States,* 221 F.R.D. 689, 695 (D.N.M. 2003)). This Court agrees.

The error described above prejudices Defendant. Regardless of whether the parties have agreed to conduct depositions outside the discovery deadline–this might have remedied any prejudice at trial–the fact remains that prejudice exists in connection with the previously filed summary judgment motion. Plaintiffs expressly relied via incorporation on Hartman's second report in their memorandum in opposition. (Doc. # 87-1, at 18-19.) The fact that Defendant could have deposed Hartman prior to filing its reply brief cannot be said to remedy the prejudice resulting from the company's inability to tailor its summary judgment motion to account for Hartman's reasoning at the outset. *See* Fed. R. Civ. P. 26 Advisory Committee Notes, 1970 Amendment, Subdivision (b)(4) ("The lawyer even with the help of his own experts frequently cannot anticipate the particular approach his adversary's expert will take"). Nor does the fact that Defendant had in its possession most if not all of the materials upon which Hartman relied;

9

it is Hartman's interpretation of these materials as it forms his opinion that is important, and Plaintiffs' acts denied Defendant access to the expert's reasoning until too late in the litigation to avoid prejudice.

Notably, perhaps because they disagree that they have erred at all, Plaintiffs have failed to present any argument as to how their conduct was substantially justified so as to invoke the Rule 37 escape clause from sanctions. Plaintiffs also fail to explain why the Court should not impose sanctions under its inherent power, apart from Rule 37. It is damaging to Plaintiffs that there is simply no justification given for the conduct involved so as to excuse or explain Hartman's delayed disclosure of his reasoning. *See Miller*, 356 F.3d at 1334 (holding a party's lack of explanation for why an opinion based on data acquired before the expert report was due but disclosed later in the case to be cause for excluding the expert's new analysis). The Court therefore agrees with Defendant that in light of the nature of Plaintiffs' unjustified conduct and the prejudice to Defendant, exclusion of the February 12, 2007 supplemental report is just, appropriate, and necessary. *See Harville v. Vanderbilt Univ., Inc.*, 95 F. App'x 719, 725 (6th Cir. 2003); *Fielden v. CSX Transp., Inc.*, No. C2-03-995, 2006 WL 2788207, at *6-7 (S.D. Ohio Sept. 26, 2006). Similarly, the Court finds Defendant's request that Hartman be precluded from testifying at deposition and trial in accordance with his second report well taken.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to strike and to limit testimony.  (Doc. # 77.)

**IT IS SO ORDERED**.

                                                                                s/ Gregory L. Frost  
                                                                     GREGORY L. FROST  
                                                                     UNITED STATES DISTRICT JUDGE