UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES ULLMAN, et. al,

       Plaintiffs,                     Case No. 2:05-cv-1000
                                            JUDGE GREGORY L. FROST
       v.                               Magistrate Judge Mark R. Abel

AUTO-OWNERS MUTUAL
INSURANCE CO.,

       Defendant.

## OPINION AND ORDER

This diversity matter is before the Court for consideration of Defendant's October 8, 2007 motion *in limine* (Doc. # 137) and Plaintiffs' memorandum in opposition (Doc. # 153). For the reasons that follow, this Court finds the motion not well taken.

### I. Standard Involved

The inquiry involved in and nature of a motion *in limine* decision are well settled:

> Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir.1997). The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States,* 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 n.4, 83 L. Ed. 2d 443 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. (citations omitted). Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections

> on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989) (citing *Luce,* 469 U.S. at 41, 105 S. Ct. at 463) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F. Supp. 1398, 1400-01 (N.D. Ill.1993).

*Indiana Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846-47 (N.D. Ohio 2004). Cognizant of this standard, the Court shall now turn to the punitive damages issues targeted by Defendant's motion *in limine*.

## II. Analysis

Defendant argues that the Court should exclude Plaintiff's claim for punitive damages or, in the alternative, that the Court should apply the current version of Ohio Rev. Code § 2315.21 to cap Plaintiffs' damages and to bifurcate the trial. Neither request is successful.

In regard to the requested preclusion of punitive damages altogether, Defendant argues that it is entitled to judgment as a matter of law under § 2315.21(B)(1) because Plaintiffs cannot satisfy the required showing that portion of the statutory scheme requires. To support its argument, Defendant cites to Plaintiffs' Complaint, wherein, Defendant asserts, Plaintiffs conceded that they could not meet the statutory standard.

The Court notes that this aspect of Defendant's filing is more a motion for judgment on the pleadings or for summary judgment on the issue of punitive damages than it is a motion *in limine*. The time for filing such dispositive motions has long closed, however, and Defendant cannot evade this Court's deadlines simply by captioning its dispositive motion in a creative manner. *See Mavrinac v. Emergency Med. Ass'n of Pittsburgh,* No. 04-1880, 2007 WL

2908007, at *1 (W.D. Pa. Oct. 2, 2007) ("Motions in limine are inappropriate vehicles to seek a final determination with respect to a substantive cause of action, and should not be used as a substitute for a motion for summary judgment."); *Natural Res. Def. Council v. Rodgers*, No. CIV-S-88-1658, 2005 WL 1388671, at *1 n.2 (E.D. Cal. June 9, 2005) ("Motions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues." (also collecting authority supporting proposition)); *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, No. 90 C 6933, 1996 WL 284940, at *4 (N.D. Ill. May 23, 1996) ("A motion in limine is not a substitute for a motion for summary judgment.").  Additionally, as Plaintiffs correctly note in their memorandum in opposition, Plaintiffs' Complaint merely set forth preliminary material and does not constitute a concession as Defendant asserts.  Accordingly, the Court denies this aspect of Defendant's motion.

In regard to the requested application of § 2315.21 to mandate bifurcation and a cap on punitive damages, this Court agrees with Plaintiffs that there is no apparent basis on which to conclude that the Ohio General Assembly intended the current version of the statute to apply to causes of action that accrued prior to the effective date of the statute, but where filed after the statute's effective date.  Defendant states that "[t]he clear and unambiguous language of the statute reveals the legislative intent to apply the amended statute on punitive damages to civil actions filed after its effective date."  (Doc. # 137, at 4.)  But Defendant does not direct this Court to any language in the statute supporting the application the insurance company seeks.

In contrast, the authority Plaintiffs cite to this Court teaches that in the absence of a legislative indication of retroactive effect, the Court must presume that the amended statute does not reach backward to causes of action that arose before the statute's effective date.  *See* Ohio

3

Rev. Code § 1.48 ("A statute is presumed to be prospective in its operation unless expressly made retrospective."); *cf. Kramer Consulting Inc. v. McCarthy*, No. C2-02-116, 2006 WL 581244, at *7 (S.D. Ohio Mar. 8, 2006) (holding that amended § 2315.21 does not apply retroactively, so as to apply to cases pending at the time of the statute's effective date). Here, amended § 2315.21 presents an example of "the dog didn't bark" analysis. As Plaintiffs note, uncodified law enacted with amended § 2315.21 provides for other specific statutory amendments to apply to "any cause of action that arises before the effective date of this act," but § 2315.21 is not one of the statutes named. *See* S.B. 80 § 14, 125th Gen. Assem. (Ohio 2004). And the amended version of § 2315.21 contains no specific indication of its intended application such as that contained in prior versions of the statute. *See, e.g.*, 1996 H.B. 350, 121st Gen. Assem. (Ohio 1996) (bill enacting former § 2315.21(G)); *see also* Doc. # 153, at 5 n.2 (collecting legislative examples). Therefore, the Ohio General Assembly could but did not indicate a specific, clear intent for the provisions of amended § 2315.21 to apply to claims arising prior to the statute's effective date. Consequently, the Court also denies this second aspect of Defendant's motion and its related request for bifurcation. *See Partin v. Bowling Green*, 87 Ohio Misc. 2d1, 2-4, 688 N.E.2d 52, 52-54 (Ohio Ct. Com. Pl. 1997) (holding that in the absence of legislative intent of retroactivity, statutory amendments did not apply to a case arising prior to amendments but filed after effective date of amendments)

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion *in limine* on punitive damages.  (Doc. # 137.)

**IT IS SO ORDERED**.

                                         /s/ Gregory L. Frost
                                        GREGORY L. FROST
                                        UNITED STATES DISTRICT JUDGE