UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES ULLMAN, et. al,

       Plaintiffs,                     Case No. 2:05-cv-1000
                                              JUDGE GREGORY L. FROST
   v.                                Magistrate Judge Mark R. Abel

AUTO-OWNERS MUTUAL
INSURANCE CO.,

       Defendant.

## OPINION AND ORDER

This diversity matter is before the Court for consideration of Defendant's October 8, 2007 motion *in limine* on consequential damages (Doc. # 134) and Plaintiffs' memorandum in opposition (Doc. # 150). For the reasons that follow, this Court finds the motion not well taken.

### I. Discussion

**A. Standard Involved**

The Court has previously noted that the inquiry involved in and nature of a motion *in limine* decision are well settled:

> Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir.1997). The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States,* 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 n.4, 83 L. Ed. 2d 443 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.

> (citations omitted). Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989) (citing *Luce,* 469 U.S. at 41, 105 S. Ct. at 463) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F. Supp. 1398, 1400-01 (N.D. Ill.1993).

*Indiana Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846-47 (N.D. Ohio 2004). Cognizant of this standard, the Court shall now turn to the pending motion *in limine*.

**B. Analysis**

Defendant seeks to preclude Plaintiffs from introducing claims for consequential damages at trial. To support this request, Defendant argues that (1) Plaintiffs never claimed damages for extermination or cost of boarding in the Complaint, in contravention of Fed. R. Civ. P. 9(g); (2) Plaintiffs never produced itemized documentation of attorney's fees, litigation expenses, and costs; and (3) the damages in this case cannot include consequential damages, but are only limited to the policy limits and any accrued interest. None of these arguments prove dispositive of the motion.

As an initial matter, the Court notes that Defendant has presented this Court with no discussion of what constitutes "special damages," but instead references without substantive discussion discovery obligations.[1] In the absence of argument as to how all of the foregoing

---

[1] The Court is aware that the Sixth Circuit has held that "[c]laims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g)." *In re American Cas. Co.*, 851 F.2d 794, 802 (6th Cir. 1988). This is of little

2

damages present pleading and discovery issues creating potential exclusion, this Court need not and will not create Defendant's argument and then rule on that argument. In other words, detail is warranted.

Turning to the merits, the Court recognizes that Defendant has been on notice that Plaintiffs seek the foregoing damages for a substantial period of time, but has never sought to compel the production of additional information beyond that provided in the initial disclosures, the Semegen report, and the Semegen and Ullman depositions. To the extent that Defendant learned of items after the close of discovery, Defendant did not raise these issues with the Court during the final pretrial conferences when the Court inquired into the completeness of discovery. In fact, the parties appeared to be working well together.

Moreover, Plaintiffs' pursuit of these damages has not been a secret and was discussed prior to settlement discussions at the pretrial proceedings. This argues against a pleading deficiency. Because Plaintiffs advanced their pursuit of these damages during pretrial conferences, it is not error to permit consideration of these damages as though the pleadings had been amended. *See Crosby v. Old Republic Ins. Co.*, 978 F.2d 210, 211 n.1 (5th Cir. 1992) (permitting consideration of claim by holding that pretrial conference assertion of claim effectively modified pleading, thereby curing a Rule 9 failure to plead special damages).

To the extent that Defendant's motion can be read to seek exclusion under Rule 37(c)(1) for a violation of Rule 26(a)(1)(C), the Court concludes that such a sanction is not warranted.

---

import, however, because as both sides agree, Plaintiffs pled attorney's fees, Doc. # 1-3, at 5, and because Defendant appears to target a lack of itemization in regard to this aspect of damages.

There is no evidence that Plaintiffs did not make available for inspection and copying the underlying material on which their damages computations are based, and there is support that Plaintiffs provided computations, albeit perhaps later in the course of litigation than they could or should have. Any error in this last regard is harmless in that the computation was ultimately provided, and there is no indication that Defendant was not able to pursue exploration of the underlying bases for the computation as it so desired.

Defendant has thus sat on its rights until the 11th hour and cannot now assert prejudice in light of the fact that it remained silent.

Additionally, under Ohio law, a plaintiff may recover consequential damages in connection with a breach of contract claim. *Telxon Corp. v. Smart Media of Delaware*, Inc., Nos. 22098 & 22099, 2005 WL 2292800, at *37 (Ohio Ct. App. 9th Dist. Sept. 21, 2005) (recognizing that "[t]he remedies available for breach of contract also include both actual and consequential damages"); *see also Bobb Forest Prods., Inc. v. Morbark Indus., Inc.*, 151 Ohio App. 3d 63, 86-87, 783 N.E.2d 560, 578 (Ohio Ct. App. 7th Dist. 2002). Defendant's assertion that this is an insurance dispute overlooks both the nature of this case and that Ohio law also provides that consequential damages are available in connection with a bad faith claim. *William Hammann, Inc. v. Continental Cas. Co.*, No. C-850803, 1987 WL 18121, at *4 (Ohio Ct. App. 1st Dist. Oct. 7, 1987) ("Ohio recognizes the tort of bad faith breach of contract and . . . punitive and consequential damages flowing therefrom are proper under Ohio law.").

## II.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion *in limine* on consequential damages.  (Doc. # 134.)  As with all *in limine* decisions, this decision is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE