UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES ULLMAN, et. al,

      Plaintiffs,                     Case No. 2:05-cv-1000
                                              JUDGE GREGORY L. FROST
  v.                                  Magistrate Judge Mark R. Abel

AUTO-OWNERS MUTUAL
INSURANCE CO.,

      Defendant.

## ORDER

This diversity matter is before the Court for consideration of Defendant's October 8, 2007 motion *in limine* to exclude the testimony and report of Alex Semegen (Doc. # 135) and Plaintiffs' memorandum in opposition (Doc. # 151). For the reasons that follow, this Court finds the motion not well taken.

### I. Discussion

**A. Standard Involved**

The Court has previously noted that the inquiry involved in and nature of a motion *in limine* decision are well settled:

> Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir.1997). The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States,* 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 n.4, 83 L. Ed. 2d 443 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high

>   standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. (citations omitted). Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989) (citing *Luce,* 469 U.S. at 41, 105 S. Ct. at 463) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F. Supp. 1398, 1400-01 (N.D. Ill.1993).

*Indiana Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846-47 (N.D. Ohio 2004). Cognizant of this standard, the Court shall now turn to the pending motion *in limine*.

**B. Analysis**

Defendant seeks an order excluding the testimony of Alex Semegen, a public adjuster and Plaintiffs' damages expert, and his report. To support this request, Defendant presents two basic arguments, which arguably only tangentially target the *Daubert* concerns on which Defendant professes to base its motion. First, Defendant asserts that Semegen's opinions are unreliable because at the time he prepared what Defendant characterizes as an dubiously researched report, he was working on a contingency basis and had an interest in the payment of Plaintiffs' claim. Second, Defendant argues that Semegen should be precluded from testifying because his brother, who was not licensed as an Ohio public adjustor at the time, actually prepared the building damages estimate.

Plaintiffs attempt to counter Defendant's argument by explaining the detailed steps involved in the creation of Semegen's report and citing both other courts' acceptance of this

methodology and the voiding of the contingency arrangement in favor of an hourly fee when litigation arose.  Additionally, Plaintiffs characterize Semegen as responsible for the work under attack, with his brother acting in an assistant capacity as an estimator, for which he received no compensation from Plaintiffs.

This Court concludes that there is no basis for exclusion here.  Defendant's implied attack on the sufficiency of Semegen's approach targets more the weight to be afforded the specific conclusions then the reliability of the basic methodology and appears to have been included in the briefing more as an attempt to bias the Court than to serve as an actual ground for exclusion.  Defendant's two explicit grounds for exclusion fare no better.  The rules governing lawyer conduct do not apply to Semegen's ability to testify, and given the context of the events the parties recount, the voided contingency fee arrangement also targets the weight to be afforded Semegen's report and testimony.  It is not the essentially per se ground for exclusion that Defendant posits.  Nor does the fact that Semegen's brother assisted in preparing the report warrant exclusion.  Apparently, Semegen supervised his brother's assistance and ultimately prepared the claims presentation submitted to Defendant.  This is sufficient; Defendant has not directed this Court to any authority, and this Court has found no authority, supporting the proposition that Ohio Rev. Code § 3951.02 applies to assistants to adjustors so as to warrant the requested exclusion sought here.  There is no apparent requirement that an estimator acting as an assistant be licensed.

## II.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion *in limine* targeting Semegen and his report.  (Doc. # 135.)  As with all *in limine* decisions, this decision is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE